UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HRIBAR TRANSPORT LLC,

        Plaintiff,

v.

        Case No. 20-cv-1255-pp

MICHAEL SLEGERS,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S UNOPPOSED MOTION TO SEAL (DKT. NO. 48)**

In the process of briefing the defendant's motion for summary judgment, the defendant has filed an unopposed motion to seal documents. Dkt. No. 48. The defendant asks the court for "an order allowing sealing and restricting . . . to case participants only" of docket numbers 44, 45, 46 and 47. Id. at 1. These documents include a two-part declaration, thirty exhibits, proposed findings of fact by the defendant and the defendant's brief in support of summary judgment.

**I.    Standard**

This district's General Local Rule 79(d)(3) states:

Any motion to restrict or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. If the documents or materials sought to be restricted/sealed have been designated confidential by someone other than the filing party, the filing party may explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued

1

> sealing of the documents or materials. In response, the person or party that originally designated the documents or materials as confidential may, if it chooses, provide sufficient facts demonstrating good cause to continue sealing the documents or materials. *Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied and the documents or materials publicly filed by the Clerk of Court, unless otherwise ordered by the Court.*

(Emphasis added.)

In <u>Baxter Intern., Inc. v. Abbott Labs.</u>, 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit addressed generic motions to seal based on protective or confidentiality orders. The court acknowledged that parties often enter into "broad secrecy agreement[s] . . . in order to expedite [the discovery] process by avoiding document-by-document analysis," and it opined that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." Id. at 545 (citing <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20 (1984)). The court emphasized, however, that "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." <u>Id.</u> (citing <u>Grove Fresh Distributors, Inc. v. Everfresh Juice Co.</u>, 24 F.3d 893 (7th Cir. 1993); <u>In re Continental Ill. Securities Litig.</u>, 732 F.2d 1302 (7th Cir. 1984)). Because the court record is critical to a court's judicial decision, "any claim of secrecy must be reviewed independently." <u>Id.</u> at 545-546.

The court explained why documents dispositive to "any litigation enter the public record notwithstanding any earlier agreement":

2

> How else are observers to know what the suit is about or assess the judges' disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing. These are among the reasons why very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed. In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of sexual assault), is entitled to be kept secret on appeal. As we remarked in *Union Oil* [*Co. v. Leavell*, 220 F.3d 562 (7th Cir. 2000)], many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed.

Id. at 546-47 (citations omitted).

The court observed that the parties' joint motion had made "no effort to justify the claim of secrecy;" the motion simply had asserted secrecy "mostly on the basis of the agreement but partly on the ground that these are common commercial documents." Id. at 546. The court stated, somewhat tersely, "That won't do," citing Union Oil. The court pointed out that the motion did not "analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately be kept from public inspection despite its importance to the resolution of the litigation." Id. (citing Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir. 1992)).

The court has reiterated the principles of Baxter since. It has stated that documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern. (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013).

3

**II. Analysis**

The defendant's unopposed motion states that documents the defendant asks the court to seal and restrict have been marked as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." Dkt. No. 48 at 2. He says that the "information includes financial data and proprietary information from Plaintiff and various entities related to Plaintiff that should be protected from public disclosure" and that the confidential information is subject to the parties' protective order. Id. (citing dkt. no. 27). The plaintiff asks that the entirety of Dkt. Nos. 44 through 47—nearly 800 pages—be "seal[ed]" in accordance with the protective order. Id. at 2-3.

The defendant has not stated good cause to seal the documents, asserting only that the parties have agreed to treat the documents as confidential under the protective order. Id. at 2-3. The fact that the parties agree to exchange documents confidentially under a protective order does not statue sufficient good cause for "sealing" those documents. The defendant's assertion that the filings contain financial data and proprietary information is not sufficient to justify the court restricting from public view almost 800 pages of documents.

The court also suspects that the defendant meant to file a motion to *restrict* the documents, not to "seal" them. When the court "seals" a document, only the court has access to it—the parties do not. In response to a motion to restrict access, on the other hand, the court may limit access to the electronic document to the persons or entities specified in the motion.

4

The court will deny without prejudice the defendant's motion to seal and give the defendant the opportunity to decide whether he wishes to file a motion to restrict any documents or any portions of any documents. Any future motion must comply with General L.R. 79(d)(3) and the Seventh Circuit case law discussed above.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to seal. Dkt. No. 48.

The court **ORDERS** that if the defendant wishes to file a motion to restrict the declarations, exhibits, proposed findings of facts and the brief in support of summary judgment, he must do so by the end of the day on **September 16, 2022**. The court **ORDERS** that the Clerk of Court must **RESTRICT** the documents at Dkt. Nos. 44, 45, 46 and 47 to viewing by the court and the parties only until the end of the day on September 16, 2022. If the defendant does not file a new motion by the end of the day on September 16, 2022, the clerk must remove the restrictions and make the documents available to the public.

Dated in Milwaukee, Wisconsin this 1st day of September, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**